UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARY ARTHUR HOLYOKE,

                              Plaintiff,

                                                                                                  6:21-CV-239

v.                                                                                    (DNH/TWD)

MARIA HOLYOKE, *et al.*,

                              Defendants.

_____

APPEARANCES:

GARY ARTHUR HOLYOKE
Plaintiff, *pro se*
811 Court Street # 320
Utica, New York 13502

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

      Gary Arthur Holyoke ("Plaintiff") filed an action against his mother Maria Holyoke and twenty-six other individuals (collectively, "Defendants"). (Dkt. No. 1.) After granting Plaintiff's *in forma pauperis* application, this Court reviewed the original complaint pursuant to 28 U.S.C. § 1915(e), and recommended that it be dismissed with leave to replead. (Dkt. No. 7.) United States District Judge David N. Hurd adopted this Court's recommendation. (Dkt. No. 10.)

      Plaintiff has now filed an amended complaint. (Dkt. No. 12.) As previously noted, 28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

A *pro se* litigant's pleadings are held to a less strict standard than attorney drafted pleadings. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties."). Because plaintiff is proceeding *pro se*, the Court construes her pleadings "to raise the strongest arguments that they suggest." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). However, this "does not exempt a [*pro se* litigant] from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Moreover, a court should not dismiss a *pro se* complaint "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171

F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted).  However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Like his original complaint, Plaintiff contends that his mother and father have interfered with his life and caused him financial hardship.  (Dkt. No. 12 at 1-2.)  Specifically, Plaintiff asserts he has unnecessary medical bills because his parents have taken him to the hospital on several occasions.  *Id*. at 2.  Plaintiff also appears to assert that two of his past landlords did not return his security deposit when he was evicted from his apartments and he has incurred storage costs related to these evictions.  *Id*. at 1.

After carefully reviewing the amended complaint the Court finds that it does not provide any indication of the causes of action Plaintiff intends to assert or whether this Court has jurisdiction over the action.  To the extent that he is attempting to recover his security deposits against his former landlords, this Court does not have jurisdiction over this putative state law claim against two New York citizens.  *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332.  Further, though Plaintiff's allegations related to his parents may be legitimate complaints about domestic issues, they do not state a legal cause of action for which any relief could be granted.  In sum, the Court finds Plaintiff's amended complaint does not state any viable legal causes of action and should be dismissed.

Typically, a court should not dismiss a pro se litigant's complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *See Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991).  In this case, because Plaintiff has already been granted an opportunity to amend and his amended complaint fails to

3

state any claim for relief, this Court recommends dismissing this action without further leave to amend.

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's amended complaint (Dkt. No. 10) be **DISMISSED WITHOUT LEAVE TO AMEND**, and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[1]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: June 9, 2021
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).